UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GALEN HAMPTON FILMORE,

    Plaintiff,

v.                                             CASE NO. 5:23-cv-741-MCR

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Unopposed Motion for Attorney's Fees and Costs under the Equal Access to Justice Act ("Motion") (Doc. 22). In the Motion, Plaintiff makes a timely request for an award of $4,127.32 in attorney's fees pursuant to Section 2412(d) of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and costs of $405.00 for the filing fee pursuant to 28 U.S.C. § 2412(a)(1). (*Id.*) For the reasons stated herein, the Motion is due to be **GRANTED**.

EAJA sets forth the following requirements for the award of fees and costs:

> (a)(1) Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States . . . in any court having jurisdiction of such action.

> A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.
> . . .
> (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412. In addition, EAJA limits eligibility to those "whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

Here, Plaintiff is a "prevailing party," because the Commissioner's decision was reversed and remanded under sentence four of 42 U.S.C. § 405(g). *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). Further, considering the lack of opposition to the Motion, Defendant's position was not substantially justified. Moreover, there are no special circumstances that would make the award unjust. In addition, Plaintiff represents that her net worth is less than two million dollars. (Doc. 22 at 2.) Thus, an award of attorney's fees under EAJA is appropriate.

Turning to the amount of attorney's fees to be awarded, EAJA requires

that the fees be "reasonable."  28 U.S.C. § 2412(d)(2)(A).  Specifically:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished . . . [and] attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

*Id.*

The Motion reflects that Plaintiff's attorneys' hourly rates (as adjusted for the cost of living) were $244.62 in 2023 and $250.86 in 2024. (Doc. 22 at 2.)  In total, Plaintiff's attorneys worked 16.5 hours.  (*Id.*)  In light of the lack of opposition, the Court finds both the hourly rates ($244.62 and $250.86) and the hours spent (16.5 hours) on the case to be reasonable.  The Court further finds the filing fee of $405.00 to be recoverable pursuant to 28 U.S.C. § 2412(a)(1).  The parties agree that after the Court awards EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the Government.  (Doc. 22 at 2.)  If the United States Department of the Treasury determines that Plaintiff does not owe such a debt, the government will accept Plaintiff's assignment of EAJA fees and pay those fees directly to Plaintiff's counsel.  (*Id.*)

Accordingly, it is **ORDERED and ADJUDGED**:

1. The Motion (**Doc. 22**) is **GRANTED**.

2. The Clerk of Court shall enter judgment in favor of Plaintiff and against Defendant in the amount of $4,127.32 for attorney's fees and $405.00 for costs.

3. The Commissioner will determine whether Plaintiff owes a debt to the government. If the United States Department of the Treasury determines that Plaintiff does not owe such a debt, the government will accept Plaintiff's assignment of EAJA fees and pay the fees directly to Plaintiff's counsel.

**DONE AND ORDERED** at Jacksonville, Florida, on September 26, 2024.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

4